U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

SEP 1 0 2007

ROBERT H. SHEMWELL, CLERK
BY _____
       DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| JOHNNY LEE ATKINS | DOCKET NO.: 07-CV-1059 |
|---|---|
| VERSUS | JUDGE DRELL |
| AVOYELLES PARISH SHERIFF'S OFFICE, ET AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Johnny Lee Atkins, filed *in forma pauperis* on July 3, 2007. Atkins is currently incarcerated at the Bossier Sheriff Correctional Facility ("Bossier") in Fair Dealing, Louisiana; however, his complaint involves incidents that allegedly occurred in Avoyelles Parish. Plaintiff names as defendants the Avoyelles Parish Sheriff's Office, Warden Peter Lofton, and Nurse Captain Steve.

This matter has been referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 626 and the standing order of this Court.

## STATEMENT OF THE CASE

Plaintiff alleges that, on June 4, 2007, he was called into the front key of the jail where Lofton, Nurse Steve, and Lt. Haggar were sitting. Lofton was holding a letter that Plaintiff had written to the Department of Corrections complaining about "medical treatment at the hospital." [Doc. # 4, p.3] Plaintiff alleges

that Lofton yelled and cursed at him for sending the letter and threatened to have Plaintiff transferred to another facility. Later that day, Plaintiff was told to pack his belongings, and he was transferred to a medium security facility in Fair Dealing, Louisiana.

Plaintiff complains that he arrived at the new facility without his medical records or money from his prison account, which he needed to purchase medication. In his initial complaint [Doc. #1], although deficient for not being submitted on the proper form, Plaintiff provided more detailed information regarding the alleged facts. He stated that, while he arrived at the new facility without medical records, he met with a nurse the next day and was examined by a doctor. Moreover, the doctor who examined Plaintiff was actually his treating physician prior to Plaintiff being sent to Avoyelles Parish. Still, Plaintiff complains that this medical examination could have been avoided altogether if the defendants had sent Plaintiff's medical records to the Bossier facility.

Plaintiff also contends that the Avoyelles facility forgot to send the funds from his account. He complains that he had to write to the defendants in order to have the money sent to him.

Plaintiff complains that these alleged acts were all in retaliation for his writing a letter to the Department of Corrections complaining about the defendants.

## LAW AND ANALYSIS

1. Frivolity Review

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990).

A hearing need not be conducted for every pro se complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe in forma pauperis complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to

speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." Macias 23 F.3d at 97.

2. Retaliation

Plaintiff argues that the defendants transferred him to another facility in retaliation for writing a letter of complaint to the Department of Corrections. To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." Rosas v. Rodriguez, 2006 WL 1877282, 1 (5th Cir. 2006)(citing Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir.1999)).

Prisoners are constitutionally protected from retaliation for complaining about a prison official's actions to a supervisor or for exercising their right of access to the courts. See Woods v. Smith, 60 F.3d 1161, 1164 (5th Cir.1995); Jackson v. Cain, 864 F.2d 1235, 1248 (5th Cir. 1989). However, not every act constitutes a retaliatory adverse act sufficient to state a valid claim under 1983. The Fifth Circuit has held that some acts that may be motivated by retaliatory intent, "are so de minimis that they would not deter the ordinary person from further exercise of his rights. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." Morris v. Powell, 449

4

F.3d 682, 686 (5th Cir., 2006).

In <u>Jones v. Greninger</u>, 188 F.3d 322, 325-26 (5th Cir.1999), the Fifth Circuit affirmed the dismissal of a claim alleging that the inmate had been restricted to five hours a week in the law library in retaliation for filing grievances. Although retaliatory intent was properly alleged, the inmate's claim failed because the retaliatory adverse acts did not rise to the level of a constitutional violation. Similarly, in <u>Gibbs v. King</u>, 779 F.2d 1040, 1046 (5th Cir.1986), the Fifth Circuit upheld a dismissal, writing that "a single incident, involving a minor sanction, is insufficient to prove [retaliatory] harassment." Thus, without explicitly applying a de minimis test, the Fifth Circuit has refused to recognize retaliation claims based only on allegations of insignificant retaliatory acts. See <u>Morris v. Powell</u>, 449 F.3d 682, 685 (5th Cir. 2006).

Plaintiff was transferred from the Avoyelles Marksville Detention Center to a medium security prison where he is being allowed to participate in a work release program. While a transfer to a more dangerous prison or a transfer to a more dangerous section of the same prison could be sufficiently adverse to support a 1983 claim, Plaintiff's transfer in this case is not. Plaintiff is being allowed to participate in a work release program. Furthermore, the facility in Fair Dealing, Louisiana, is closer to Plaintiff's treating physicians in Bossier City. Plaintiff's

transfer from Avoyelles Parish to Fair Dealing, Louisiana, is not sufficiently adverse to support a 1983 claim.

Furthermore, even if Plaintiff could show a sufficiently adverse act, he would be unable to establish causation (ie., but for the defendants' retaliatory motive, the complained of incident would not have occurred). Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003). The Director of Corrections has broad discretion regarding the placement and transfer of state prisoners. See Jones v. Stephen, 2006 U.S. Dist. LEXIS 51564, 8-9, 2006 WL 1997475 (EDLA 2006), Santos v. La. Dept. of Corr. Secretary, 1996 U.S. Dist. LEXIS 2331, 1996 WL 89260 at 4 (EDLA, 1996) (noting that La. Rev. Stat. Ann. §15:824 does not give DOC prisoners a constitutionally protected right to be housed in a particular facility); see also La. Rev. Stat. Ann. § 15:566(B); State v. Sylvester, 648 So.2d 31, 33 (La. App. 4th Cir. 1994). The director may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training and security needs established by the department. La. R.S. § 15:824. As noted above, Plaintiff is actually closer to his treating physicians at the Bossier facility.

## CONCLUSION

For the foregoing reasons, IT IS RECOMMENDED that Plaintiff's claims against against the defendants be denied and dismissed with prejudice as frivolous and failing to state a claim upon which

relief may be granted under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Alexandria, Louisiana, this _____ day of _____, 2007.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE